## COMMONWEALTH *vs.* WILLIAM PERLEY.

The offence of being a common seller of wine, &c., contrary to the Rev. Sts. *c.* 47, § 1, may be committed by making a sufficient number of unlawful sales, on the same day.

THIS was an indictment against the defendant, containing five counts, the first on the first section and the remaining counts on the second section of the forty-seventh chapter of the revised statutes.

At the trial, which was before *Mellen*, J., in the court of common pleas, it appeared in evidence, that, on the 29th day of September, 1847, the time mentioned in the first count, which was the anniversary of the Essex Agricultural Society, held at Lynn, the defendant kept open house, and sold spiritous liquor, during that day and evening, to a large number of persons, to be drunk in his house ; that he had two bars in different parts of his house, one a permanent one and one temporary, each tended by two persons during a great portion of the day and evening, and that these bars contained the apparatus usually found in bars where ardent spirits are sold. There was evidence tending to show, that the defendant sold ardent spirits, as aforesaid, to all persons who called for the same, during the day and evening referred to, to be drunk in his house.

It also appeared, that the defendant sold a glass of spiritous liquor at the same house to one Coates, the person named in the fourth count, to be drunk therein, some two months prior to the said 29th day of September.

To the admission of the above evidence, to support the first count, the exception was taken.

The court ruled, and so instructed the jury, that, exclusive of the proof given in support of the fourth count, the above evidence, if fully believed, was sufficient to show that the defendant was a common seller on the first count in the indictment, without further proof of the sale of spiritous liquor

by the defendant before or after the day named in the indictment.

The defendant, being convicted on the first and fourth counts, alleged exceptions.

*T. B. Newhall*, for the defendant.

*A. Huntington*, (district attorney,) for the commonwealth.

WILDE, J. This was an indictment against the defendant for selling spiritous liquors without license, contrary to the Rev. Sts. *c.* 47; and the question raised by the exception depends on the construction to be given to the first section of that chapter. By that section it is enacted, that "No person shall presume to be an innholder, common victualler, or seller of wine, brandy, rum, or any other spiritous liquor, to be used in or about his house or other buildings, unless he is first licensed as an innholder or common victualler, according to the provisions of that chapter."

The question is, whether a party can be considered as a common seller of spiritous liquors, within the meaning of the statute, by any number of sales, under any circumstances, the sales all having been made on one day. If a party may be so considered, there can be no doubt that the jury were rightly instructed in the present case. It appeared in evidence, that, at the anniversary of the Agricultural Society, held at Lynn, the defendant kept open house, and sold spiritous liquors, during that day and evening, to a large number of persons, to be drunk in his house; that he had two bars in different parts of his house, one a permanent one and one temporary, each tended by two persons, during a great portion of the day and evening; and that these bars contained the apparatus usually found in bars where ardent spirits are sold.

On this evidence, the jury were instructed, that if fully believed, it was sufficient to show that the defendant was a common seller, as charged in the indictment, without further proof of sales of spiritous liquors by the defendant, before or after the day named.

This instruction to the jury appears to the court to be correct, and conformable to the true meaning of the first section. That section was intended to provide for cases of numerous sales, which, to charge particularly in an indictment, would tend to great prolixity ; and whether such numerous sales were made on one day, or on different days, does not seem to be material. The statute does not require in terms that such sales must be made on divers days, and there seems to be no good reason for holding that they should be.

In *Comm'th* v. *Odlin*, 23 Pick. 275, it was held, that the making of three sales to one person was equivalent to three sales to as many different persons, in order to convict the defendant of being a common seller of spiritous liquors, under the same first section of the statute. The number of sales, in that case, was regarded, and not the person or persons to whom the sales were made ; and, for the same reason, the number of sales is to be considered in the present case, and it is not material whether they were made on one day or on divers days. *Exceptions overruled.*